IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTOINETTE STANSBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | 1:19-CV-04663 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| RENTGROW, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.   This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 et seq., as amended.

### THE PARTIES

2.   Plaintiff Antoinette Stansberry (herein after "Plaintiff") is an adult individual who resides in Indianapolis, IN.

3.   Defendant RentGrow, Inc. (hereafter "RentGrow") is a consumer reporting agency which conducts business in the Southern District of Indiana and has a primary office located at 400 Fifth Avenue, 6th floor, Waltham, MA 02451.

### FACTUAL ALLEGATIONS

4.   In or around May 2019, Plaintiff was attempting to secure a house rental through Main Street Renewal, which rents houses in Indianapolis, IN ("Main Street").

5.    As part of the application to lease the apartment, Main Street obtained a consumer report from Defendant.

6. Defendant's report contained derogatory and inaccurate information about Plaintiff.

7. The inaccurate information includes but is not limited to; a criminal misdemeanor which was expunged by the Court Order on August 14, 2018 and should not have been reporting. (hereafter "inaccurate information"). Under Illinois Statute 20 ILCS 2630/5.2 any record that has been expunged shall be treated as if "no records ever existed".

8. Under the Illinois statute, the criminal record information about Plaintiff should not have been reporting, and therefore Defendant should not have reported it in furnishing a report about Plaintiff.

9. Due to Defendant's faulty procedures, Defendant failed to update its public record information about Plaintiff to know that her criminal record was expunged. Any rudimentary inspection of the public record would reveal the inaccuracies. Defendants failed to employ such a procedure.

10. Defendant has sold reports containing the inaccurate information to third parties since at least May 2019.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

12. As a result of the inaccurate report Defendant sold to Main Street in May 2019, Plaintiff was denied housing.

13. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

15. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. DEFENDANT

17. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

18. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

19. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

20. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

21. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

22. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined

more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

23.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**ANTOINETTE STANSBERRY**

By: s/Larry P. Smith
Attorney for Plaintiff

Dated: November 11, 2019

Larry P. Smith (Atty. No.: 6217162)
SMITH MARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com

Alexis I. Lehmann, Esq.
(*pro hac vice* motion forthcoming)
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
P: (215) 735-8600
F: (215) 940-8000

alehmann@consumerlawfirm.com

*Attorneys for Plaintiff*